**UNITED STATES of America,**
**Appellee,**

v.

**Daniel SHEEHAN, Defendant,**

**Joseph mitlof, Defendant–Appellee.**

No. 02–1540.

United States Court of Appeals,
Second Circuit.

March 11, 2004.

Joseph Mitlof, Nyack, NY, for Defendant–Appellee, pro se.

Laura Grossfield Birger, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Celeste L. Koeleveld, on the brief), for Defendant–Appellees.

Present: GRAAFEILAND, LEVAL, and CALABRESI, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.**

In October 2001, defendant-appellant Joseph Mitlof was convicted, following a jury trial in United States District Court for the Southern District of New York, of (1) engaging in fraud, neglect, connivance, misconduct or violations of law, through which the life of a person was destroyed, in violation of 18 U.S.C. § 1115;[1] and (2) wire fraud, in violation of 18 U.S.C. § 1343. The basis of the government's case was that Mitlof operated a ferry service on the Hudson River; that he used vessels without obtaining Coast Guard certification; that he represented in advertisements that his vessels were Coast Guard certified; that in August 1998 one of his vessels capsized and an onboard passenger did not survive; and that the capsized vessel was unfit for commercial use on the Hudson.

Following trial, Mitlof filed motions for judgment of acquittal and for a new trial, pursuant to Fed.R.Crim.P. 29 and 33, asserting insufficiency of the evidence, witness perjury, and prosecutorial misconduct. In May 2002, the district court (McMahon, *J.*) denied these motions. At defendant's subsequent sentencing, the court granted his downward departure request and imposed a term of two years' probation, with six months' home confinement, and a $200 special assessment. Mitlof is proceeding *pro se* in this appeal.

With respect to defendant's sufficiency of the evidence claims, we affirm substan-

---

1. This provision is known as the Seaman's    Manslaughter Statute.

tially for the reasons given by the district court. Moreover, we find no merit in his various claims of perjury of a government witness, prosecutorial misconduct—including Jencks Act violations, *Brady* violations, and malicious prosecution—and obstruction of justice. And we can locate no judicial interference with Mitlof's rights in the court's comments at the close of the government's case. As for his ineffective assistance of counsel claim, which is raised for the first time in this direct appeal, we "decline to hear the claim" and leave defendant to "raise the issue as part of a subsequent § 2255 petition," *United States v. Leone*, 215 F.3d 253, 256 (2d Cir.2000), because Mitlof alleges "grounds that are not fully developed in the record," *United States v. Williams*, 205 F.3d 23, 35 (2d Cir.2000).[2]

We have considered all of appellant's arguments and find them meritless. Accordingly, we AFFIRM the judgment of the district court.

---

**2.** Mitlof has already filed a § 2255 motion in the district court, articulating his ineffective assistance claims. *See also Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) (noting that § 2255 is frequently preferable to direct appeal for presentation of such claims).

